UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA POORE, on behalf of themselves and all others similarly situated,<br>Plaintiff,<br>v.<br>ORDERPROTECTION.COM, INC. and OLLY PUBLIC BENEFIT CORPORATION,<br>Defendants. | Case No. 25-cv-04294-JST<br>**ORDER ON MOTION TO DISMISS AND MOTION TO STRIKE**<br>Re: ECF Nos. 64, 65, 74 |

Before the Court are Defendants OrderProtection.com, Inc.'s and Olly Public Benefit Corporation's motions to dismiss and motions to strike class allegations. ECF Nos. 64, 65. The Court will grant the motion to dismiss in part and deny the motion to strike class allegations.

## I. BACKGROUND

Plaintiff Amanda Poore, a resident of the State of Washington, brings various claims for monetary, injunctive, and declaratory relief on behalf of herself and a putative class of Olly customers. ECF No. 63 ¶¶ 1–6. Olly is a retailer that specializes in vitamins and supplements, and OrderProtection is a software company that provides services to e-commerce retailers. *Id.* ¶¶ 8–9. Poore claims that, while Olly advertises free shipping on orders over $49 on the Olly website, Olly and OrderProtection collaborated to insert junk "order protection" fees into customers carts. *Id.* ¶¶ 16, 24–28, 56. The fee is "pre-toggled," i.e., added to the order without the consumer taking any action to select it. *Id.* ¶ 27. Poore alleges that Olly's website is designed to confuse customers, making it seem as if the order protection fees are either mandatory or too difficult to remove. *Id.* Also, Defendants promised "free" shipping on certain orders and flat-rate shipping on other orders. *Id.* ¶ 36. "However, Defendants decided it could actually charge more

United States District Court
Northern District of California

for shipping, thereby increasing profitability, by misrepresenting the true shipping costs to consumers." *Id.* ¶ 37. "The deceptively added fee is a hidden shipping fee. This renders false Defendants' promise of a FREE or a flat, low-cost shipping fee." *Id.* ¶ 40.

Plaintiff filed her second amended complaint on March 6, 2026. *Id.* She brings claims for violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*; false and misleading advertising, in violation of Cal. Bus. & Prof. Code §§ 17500 *et seq.*; violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*; unjust enrichment; breach of contract; tortious interference with contract; and violation of the Washington Consumer Protection Act ("WCPA"), Wash. Rev. Code §§ 19.86.010 *et. seq.*

Defendants moved to dismiss on March 20, 2026. ECF No. 64. They argue that Poore lacks standing to bring her California state law claims; that she cannot allege conduct that is false, misleading, or deceptive as required by her California statutory claims; that her unjust enrichment claim fails because she does not identify which state's law applies to the claim, an express contract governs the relationship between the parties, the claim depends on Poore's defective consumer protection claims, and Poore has an adequate remedy at law; that her breach of contract claim is insufficiently pleaded; that her tortious interference claim is insufficiently pleaded; that she fails to plead her Washington Consumer Protection Act claim with the specificity required by the heightened pleading standard required by Rule 9(b) of the Federal Rules of Civil Procedure; and that her requests for equitable relief fail because she has an adequate remedy at law, she lacks standing to seek injunctive relief, and her declaratory relief is duplicative and "otherwise deficient." *Id.* at 2-3. Defendants also filed a motion to strike class allegations. ECF No. 65. Poore filed oppositions to both motions on April 17, 2026, ECF Nos. 71, 72, and Defendants filed replies on March 1, 2026, ECF Nos. 74, 75. Poore also filed statements of recent decision. ECF Nos. 79, 83.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1332(d)(2).

## III. LEGAL STANDARD

### A. Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations need not be detailed, but they must be "enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. In determining whether a plaintiff has met the plausibility standard, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Dismissal for failure to state a claim should be with leave to amend, "even if no request to amend the pleading was made, unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (per curiam).

### B. Rule 9(b)

Any claims that are "grounded in fraud . . . must satisfy the traditional plausibility standards of Rules 8(a) and 12(b)(6), as well as the heightened pleading requirements of Rule 9(b) [of the Federal Rules of Civil Procedure]." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018). The heightened pleading standard of Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Allegations of fraud must "be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong. Averments of fraud must be accompanied by the who, what, when, where, and

how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation modified).

### C. Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure authorizes the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation modified). Similarly, Federal Rule of Civil Procedure 23(d)(1)(D) allows the Court to "issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). "[D]ismissal of class allegations at the pleading stage should be done rarely and . . . the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (citiation modified).

## IV. DISCUSSION

### A. California Law Claims

#### 1. Poore's Standing to Bring California Statutory Claims

Defendants argue that Poore, as a resident of Washington State, lacks standing to bring claims under California's UCL, False Advertising Law ("FAL"), and CLRA. ECF No. 64 at 17.

California's consumer protection laws are subject to the presumption against extraterritorial application. *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011). When applying that presumption, the Court bears in mind that "the Legislature did not intend a statute to be operative, with respect to occurrences outside the state, unless such intention is clearly expressed or reasonably inferred from the language of the act or from its purpose, subject matter or history." *Id.* (citation modified). However, "[t]he presumption against extraterritoriality does not preclude the application of California law to conduct that occurs in California, even where that conduct involves non-California residents." *People ex rel. DuFauchard v. U.S. Fin. Mgmt., Inc.*,

169 Cal. App. 4th 1502, 1518 (2009) (citing *Diamond Multimedia Sys., Inc.*, 19 Cal. 4th 1036, 1059 (2009)); *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 243 (2001), *overruled in part on other grounds by Hernandez v. Restoration Hardware, Inc.*, 4 Cal. 5th 260 (2018) (applying emanation rule to CLRA claim); *see also Sullivan*, 51 Cal. 4th at 1208 n. 10 (collecting cases).

However, "[m]ultiple courts—including the California Supreme Court in *Sullivan*—have permitted the application of California law where the plaintiffs' claims were based on alleged misrepresentations that were disseminated from California." *Ehret v. Uber Techs., Inc.*, 68 F. Supp. 3d 1121, 1130 (N.D. Cal. 2014). In *Ehret*, for example, Uber moved to dismiss the named plaintiff's UCL and CLRA claims because she was an Illinois resident who alleged she was harmed in Illinois by Uber's alleged tip-skimming practice. *Id.* at 1127–28. The complaint alleged that "the misrepresentations were developed in California, contained on websites and an application that are maintained in California, and that . . . [payment] went through servers located in California." *Id.* at 1132. The court declined to dismiss the complaint because the plaintiff "alleged a sufficient nexus between California and the misrepresentations which form the basis of Plaintiff's claims." *Id.*

Similarly, in *In re iPhone 4S Consumer Litigation*, plaintiffs asserted UCL and CLRA claims against Apple based on alleged misrepresentations regarding the functionality of the iPhone 4's "Siri" feature. No. 12-cv-1127-CW, 2013 WL 3829653, at *4 (N.D. Cal. July 23, 2013). The court noted that "California courts have concluded that 'state statutory remedies may be invoked by out-of-state parties when they are harmed by wrongful conduct occurring in California.'" *Id.* at *7 (quoting *Norwest Mortg., Inc. v. Superior Ct.*, 72 Cal.App.4th 214, 224–25 (1999)). It explained that the plaintiffs had alleged that

> their injuries were caused by Apple's wrongful conduct in false advertising that originated in California. Here, Plaintiffs have alleged that Apple's purportedly misleading marketing, promotional activities and literature were coordinated at, emanate from and are developed at its California headquarters, and that all "critical decisions" regarding the marketing and advertising were made within the state.

*Id.* On this basis, the court held that "California's presumption against the extraterritorial

application of its statutes therefore does not bar the claims of the out-of-state Plaintiffs, because this principle is 'one against an intent to encompass conduct occurring in a foreign jurisdiction in the prohibitions and remedies of a domestic statute.'" *Id.* (quoting *Diamond Multimedia Sys.*,19 Cal.4th at 1060 n.20).

Poore's allegations are similar to those in *Ehret* and *In re iPhone 4S*. Her complaint alleges that "Olly is headquartered in San Francisco, California, and on information and belief, the decision to charge Order Protection fees to consumers originated in California. Olly refers to its San Francisco headquarters as 'Camp Olly' and describes the headquarters as a place where Olly employees 'do [their] best work, together.'" ECF No. 63 ¶ 21 (alteration in original). Like the plaintiff in *Ehret*, Poore alleges that the decision to engage in the harmful conduct that forms the basis of her claims occurred in California. This is sufficient to permit Poore's California claims to proceed. *See also Gerstle v. Am. Honda Motor Co., Inc.*, No. 16-cv-04384-JST, 2017 WL 2797810, at *3–4 (N.D. Cal. June 28, 2017) (permitting California law claims by out-of-state plaintiff against company headquartered in California, where it "conduct[ed] sales, service, and coordinating functions and where decisions [were] made regarding the manufacture, development, distribution, marketing, sales, and serving of Acura-brand automobiles" (citation modified)).

Defendants' authorities are inapposite. In *Drake v. Toyota Motor Corp.*, plaintiffs were not asserting California law claims based on the location or activities of the defendants. Rather, they "[did] not allege that a single state's law governs the claims of the nationwide class" and "assert[ed] claims on behalf of the nationwide class under the laws of the jurisdiction[s] in which the transaction[s] took place." No. 2:20-cv-01421-SB-PLA, 2020 WL 7040125, at *3 (C.D. Cal. Nov. 23, 2020) (citation modified). Nor did they allege any injury or "pertinent connection" to these various jurisdictions. *Id.* (citation modified). In *Zakikhan v. Hyundai Motor Co.*, the Court declined to find standing for out-of-state plaintiffs bringing California law claims because the allegations concerning a connection with California were "too conclusory to survive a motion to dismiss," not because such claims were preempted. No. 8:20-cv-01584-SB, 2021 WL 4805454, at *1, 6–7 (C.D. Cal. June 28, 2021). In *Miller v. Ford Motor Co.* the court required "[p]laintiffs to present named class representatives who possess individual standing to assert each state law's

claims," but considered neither the presumption against extraterritorial application nor the exception for conduct taking place in California. 620 F. Supp. 3d 1045 (E.D. Cal. 2022). Finally, in *Jones v. Micron Tech. Inc.*, the court dismissed "sister state" claims where plaintiffs were residents of five states but brought claims under 25 states' laws. 400 F. Supp. 3d 897, 908–09 (N.D. Cal. 2019).

Defendants' motion to dismiss Poore's California claims on standing grounds is denied.

### 2. Specific Allegations of Fraud in California Law Claims

Defendants assert that Poore's UCL, FAL, and CLRA claims fail because they lack the specificity required by Rule 9(b). ECF No. 64 at 19. They also argue that Plaintiff does not sufficiently allege "that she reasonably relied on a misrepresentation, or how the misrepresentation was false, why it was false, and how it misled her." *Id.* at 22.

Poore's complaint meets Rule 9(b)'s requirements. Poore alleges that Olly and OrderProtection (the "who") arranged for the Olly website to surreptitiously add junk Order Protection fees to customer carts that appeared mandatory or were difficult to remove, while simultaneously advertising free or flat-rate shipping (the "what"). ECF No. 63 ¶¶ 2–3. Poore's particular purchase experience is described, including the date of her purchase and the Order Protection fee she was charged (the "when"). *Id.* ¶¶ 55–57. The amended complaint includes detailed screenshots of the purchase process consumers experience on Olly's website, which, even if they do not depict Poore's exact purchase, are sufficient to establish the "how." *See Elgindy v. AGA Serv. Co.*, No. 20-cv-06304-JST, 2021 WL 1176535, at *12 (N.D. Cal. Mar. 29, 2021) ("Plaintiffs . . . are not required to submit screenshots of the actual offers that were presented to them on the day of their purchases[.]"). Poore also satisfies the other pleading requirements of Rule 9(b) by alleging "what" is false about Defendant's behavior, and "why": The offer of free shipping was false due to the insertion of the Order Protection fees. ECF No. 63 ¶ 57. Finally, the amended complaint alleges that Poore relied on the offer of free shipping, and that "[she] would not have purchased 'Order Protection' if she knew it was optional, and if it was not surreptitiously added to [her] cart." *Id.* ¶¶ 56, 59. This is sufficient to allege reliance.

### 3. False, Misleading, or Deceptive Conduct

Defendants also assert that Poore does not allege conduct that is false, misleading, or deceptive under the reasonable consumer standard that governs her UCL, CLRA, and FAL claims. ECF No. 64 at 23. Under the reasonable consumer standard, a plaintiff must plead "that a significant portion of the general consuming public or of targeted consumers, acting reasonably under the circumstances, could be misled." *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003). "[W]hether a business practice is deceptive will usually be a question of fact not appropriate for decision on [a motion to dismiss]." *Williams*, 552 F.3d at 938.

Decisions of other district courts show that Poore's allegations of deceptive conduct are sufficient. In *Ramos v. EyeBuyDirect, Inc.*, for example, the plaintiff brought California consumer law claims against an online glasses retailer that inserted a similar fee into customers' carts, with a pre-checked opt-out toggle. No. 8:25-cv-00539-JVS-DFM, 2025 WL 2633103, at *9–10 (C.D. Cal. Aug. 27, 2025). The court found that reasonable consumers could have been deceived by the inclusion of the "Shipping Insurance" fee because its automatic inclusion meant that they "would not be aware that [it] is optional." *Id.* Similarly, the automatic insertion of the Order Protection fee in this case, examined in the light most favorable to Poore, could lead a reasonable consumer to assume the fee is mandatory. While the court in *Ramos* disagreed with the plaintiff's claim that the opt-out toggle was inconspicuous to the reasonable consumer and therefore deceptive, in this case, the opt-out toggle is the same shade of purple as many other large user interface elements placed close to it on the checkout page and therefore potentially deceptive to a reasonable consumer. *See* ECF No. 63 at 7.

Poore also alleges that the Order Protection fee is deceptively named. In *Ehret*, Uber automatically added a 20% gratuity to ride costs, stating that "there is no need to tip the driver." 68 F. Supp. 3d at 1137. The court concluded that a reasonable consumer would thus understand that the gratuity fee went entirely to the driver, and the fact that Uber kept a portion of the gratuity for itself rendered it deceptive. *Id.* Similarly, Poore alleges that the Order Protection fee purports to provide "protection for damage, loss, theft & more" when, in fact, it provides no additional protection above that already offered by Olly and most shipping services. ECF No. 63 ¶¶ 42–48;

*see also Khoday v. Symantec Corp.*, 93 F. Supp. 3d 1067, 1087–88 (D. Minn. 2015) (finding that a claim that pre-checked box purchasing "download insurance" in the carts of software purchasers was deceptive under California law survived summary judgment).

**B. Unjust Enrichment**

Defendants assert that Poore's unjust enrichment claim should be dismissed because Poore fails to specify under which state's law her claim arises; because the parties had an express contract; because it is tied to Poore's California law claims, which fail; and because Poore has an adequate remedy at law. ECF No. 64 at 26.

"[D]ue to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal." *In re Nexus 6P Products Liability Litigation*, 293 F. Supp. 3d 888, 933 (N.D. Cal. 2018) (quoting *Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016)). In *Romero*, the plaintiff sought to represent a nationwide class alleging various federal and common law claims but did not specify in the complaint under which state's law the common law claims were brought. 2016 WL 469370 at *11–12. The court dismissed the plaintiff's claims because "[i]n order for the Court to determine whether a claim has been adequately [pleaded], Plaintiff must allege the applicable law." *Id.*

Poore's response to this argument is that she brought the claim with "the understanding that California law applies." ECF No. 71 at 22. Poore also cites to *In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 561 (9th Cir. 2019), for the proposition that California courts apply California law by default. However,the fact that there is a default does not relieve Poore of the burden of alleging the law under which she brings her claims. "The Court cannot guess what law applies to these claims." *United States ex rel. Duntsch v. Superior Care Pharmacy*, No. 18-cv-1002-MMA-MSB, 2024 WL 4030676, at *2 (S.D. Cal. Sept. 3, 2024). Poore's unjust enrichment claim is dismissed.

The Court will also dismiss Poore's unjust enrichment claim as to Olly because she alleges breach of an express contract. As another district court has explained:

> Courts in California have stated that a court may construe an unjust enrichment claim as a quasi-contract claim seeking restitution. The doctrine applies where plaintiffs, while having no enforceable



United States District Court
Northern District of California

> contract, nonetheless have conferred a benefit on defendant which defendant has knowingly accepted under circumstances that make it inequitable for the defendant to retain the benefit without paying for its value.

*Shin v. Campbell Soup Co.*, No. CV 17-1082-DMG (JCx), 2017 WL 3534991, at *8 (C.D. Cal. Aug. 9, 2017) (emphasis added) (citation modified) . Here, "Plaintiff[] has failed to state a claim for unjust enrichment because [she has] alleged no facts to support an inference that the Agreement[] [is] unenforceable." *Rabin v. Google LLC*, No. 22-cv-04547-BLF, 2023 WL 4053804, at *13 (N.D. Cal. June 15, 2023).

The Court also finds that Poore failed to adequately plead an "unjust enrichment claim [as] a viable quasi-contract theory" in "the alternative." ECF No. 71 at 22. Plaintiffs are permitted to plead equitable remedies in the alternative to legal remedies. *Jeong v. Nexo Fin. LLC*, No. 21-cv-2392-BLF, 2022 WL 174236, at *27 (N.D. Cal. Jan. 19, 2022) ("There is no binding precedent that holds that pleading equitable [claims] in the alternative is improper."); *Boobuli's LLC v. State Farm Fire & Cas. Co.*, 562 F. Supp. 3d 469, 487 (N.D. Cal. 2021) ("The alternative [equitable] argument does not warrant dismissal at the pleadings stage either."). However, to adequately allege an equitable claim in the alternative to a legal claim such as breach of contract, a plaintiff must "allege that [s]he lacks an adequate legal remedy." *Sullivan v. Built Brands LLC*, No. 24-cv-04565-JST, 2025 WL 2822872, at *2 (N.D. Cal. Oct. 3, 2025). Poore makes no such allegation.

For all of these reasons, Poore's unjust enrichment claim is dismissed with leave to amend.

### C. Breach of Contract

Defendants assert that Poore's breach of contract claim must be dismissed because "the Shipping Protection Fee was an express term of the parties' contract." ECF No. 64 at 30. The Court does not agree for the reasons discussed below.

"[T]he elements of a cause of action for breach of contract [in California] are (1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

Poore claims that she has alleged the relevant terms of the contract which Olly breached with sufficient detail. "While it is unnecessary for a plaintiff to allege the terms of the alleged



United States District Court
Northern District of California

contract with precision, the Court must be able generally to discern at least what material obligation of the contract the defendant allegedly breached." *Langan v. United Servs. Auto. Ass'n*, 69 F. Supp. 3d 965, 979 (N.D. Cal. 2014). Poore alleges that Olly promised free shipping on orders over $49, a promise that Poore relied upon in making her purchase. ECF No. 63 ¶ 56. Poore then alleges that Olly, by inserting the Order Protection fee, breached this promise because the Order Protection fee was actually a duplicative shipping fee. *Id.* ¶¶ 43–46, 57–59.

In *Ramos*, an almost identical case, the plaintiff alleged a breach of contract stemming from the defendant's insertion of a "Shipping Protection" charge into her checkout cart even though the defendant's website offered free shipping. 2025 WL 2633103 at *11–12. The court denied a motion to dismiss, finding that the offer of free shipping was an offer to contract that Ramos accepted and performed by purchasing the merchandise. *Id.* The allegations that the insertion of the "Shipping Protection" fees was thus a violation of the promise of free shipping was "sufficient to plead the existence, and breach, of a contract." *Id.* Because the same is true of Poore's allegations here, Defendants' motion to dismiss her breach of contract claim on this ground is denied.

**D. Tortious Interference Against OrderProtection**

Defendant OrderProtection asserts that Poore's tortious interference with contract claim is insufficiently pleaded. ECF No. 64 at 13. While OrderProtection moves to dismiss under California and Washington law—because, as previously discussed, Poore does not specify under which state's law she brings her claim—Poore's opposition addresses only California law, ECF No. 71 at 25, so the Court will analyze the claim accordingly.

The elements of tortious interference in California are "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." *Quelimane Co. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 55 (1998). The "designed to induce" element is met even if

> the actor does not act for the purpose of interfering with the contract or desire it but knows that the interference is certain or substantially



United States District Court
Northern District of California

> certain to occur as a result of his action. The rule applies, in other words, to an interference that is incidental to the actor's independent purpose and desire but known to him to be a necessary consequence of his action.

*Id.* at 56. The parties disagree whether Poore has adequately alleged this element. OrderProtection cites only general authority on this point, and Poore cites none at all.

The Court concludes that Poore has not adequately pleaded this claim. "The word 'inducing' refers to the situations in which A causes B to choose one course of conduct rather than another." Restatement (Second) of Torts § 766 (1979). Poore does not allege that the inclusion of the Order Protection fee *caused* Olly to breach the contract. The Court will dismiss this claim with leave to amend.

**E. Washington State Law Claims Against All Defendants**

"A private cause of action exists under the [W]CPA if (1) the conduct is unfair or deceptive, (2) occurs in trade or commerce, (3) affects the public interest, and (4) causes injury (5) to plaintiff's business or property." *Keithly v. Intelius Inc.*, 764 F. Supp. 2d 1257, 1265 (W.D. Wash. 2011). WCPA claims that sound in fraud are subject to Rule 9(b). *Nemykina v. Old Navy, LLC*, 461 F. Supp. 3d 1054, 1058 (W.D. Wash. 2020).

Defendants move to dismiss Poore's WCPA claims, first arguing that she has failed to adequately allege facts to meet the heightened pleading standard of Rule 9(b). ECF No. 64 at 33. The Court rejects this argument for the reasons set forth above in the prior discussion of Rule 9(b).

Defendants next argue that the Order Protection fee is not deceptive. *Id.* at 34. "Deception exists if there is a representation, omission or practice that is likely to mislead a reasonable consumer." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash. 2d 27, 50 (2009) (citation modified). "To prevail on such a theory, the plaintiff must establish that the act or practice causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and is not outweighed by countervailing benefits to consumers or to competition." *Gray v. Amazon.com, Inc.*, 653 F. Supp. 3d 847, 858 (W.D. Wash. 2023) (citation modified).

*Shields v. Fred Meyer Stores Inc.*, 742 F. Supp. 3d 915 (W.D. Wash. 2024), is instructive. In that case, plaintiff asserted a WCPA claim against a gas station chain regarding unpumped,

United States District Court
Northern District of California

prepaid gasoline. *Id.* at 920–21. The plaintiff alleged that cashiers promised that refunds for unpumped gas would be automatically credited to customers cards, when in fact they were not. *Id.* The plaintiff further alleged that even if the cashiers did not intend to deceive customers, they were often aware that refunds were not issued. *Id.* These allegations, taken as true, "sufficiently allege[d] deceptive conduct for the purposes of Plaintiff's claim under the WCPA at this stage of the case." *Id.* Similarly, Poore claims that Defendants collaborated to insert an Order Protection junk fee into her and other customers' online carts, despite representations on the Olly website about free shipping on orders over $49. Poore further claims that Olly and OrderProtection knew that the added fee provided no additional protection above that already offered by Olly and most shipping services. As alleged, this conduct is deceptive and without any countervailing benefit.

Finally, Defendants argue that Poore has not sufficiently alleged the violation of the Restore Online Shoppers Confidence Act ("ROSCA") that serves as a predicate for her WCPA and UCL claims. ECF No. 64 at 34. ROSCA makes it

> unlawful for any person to charge or attempt to charge any consumer for any goods or services sold in a transaction effected on the Internet through a negative option feature . . . , unless the person (1) provides text that clearly and conspicuously discloses all material terms of the transaction before obtaining the consumer's billing information; (2) obtains a consumer's express informed consent before charging the consumer's credit card, debit card, bank account, or other financial account for products or services through such transaction; and (3) provides simple mechanisms for a consumer to stop recurring charges from being placed on the consumer's credit card, debit card, bank account, or other financial account.

15 U.S.C. § 8403. Poore alleges that Defendants violated the statute's first two requirements.

A negative option feature is "a provision under which the customer's silence or failure to take an affirmative action to reject goods or services or to cancel the agreement is interpreted by the seller as acceptance of the offer." 16 C.F.R. § 310.2. Poore has sufficiently alleged that the OrderProtection toggle is a negative option feature because the toggle is pre-selected and the customer will be charged unless they affirmatively click the toggle. ECF No. 63 at 7.

As to the first element, Poore has alleged that the terms of the Order Protection fee are not clear and conspicuous. In *Federal Trade Commission v. Uber Technologies, Inc.*, the plaintiff's

United States District Court
Northern District of California

claims that the language notifying consumers that they were enrolling in a recurring service was "in much smaller, lighter, and less prominent font than any other claims on the same screen[]" were sufficient to meet the first element of ROSCA. 830 F. Supp. 3d 912, 929 (N.D. Cal. 2026) (citation modified). This was because of both the "visual aspects of the purported disclosure and the context of the transaction," namely that purchasers of a one-time service do not expect to be signed up for a recurring fee. *Id.* (citation modified). Likewise, the amended complaint in this case alleges that the terms and conditions of the Order Protection fee were displayed in a smaller and lighter font than most other representations on the checkout screen. ECF No. 63 at 6–7. And, as in *FTC v. Uber*, Poore alleges that a customer expecting to receive free shipping would not expect to have a shipping protection service automatically added to their cart. Defendants here, as in *Uber*, argue "in conclusory fashion that such text is clear and conspicuous," but the Court is not persuaded. 830 F. Supp. 3d at 929 (citation modified); ECF No. 64 at 36.

As to the second element, express informed consent is obtained if "(1) the website provides reasonably conspicuous notice of the terms to which the consumer will be bound; and (2) the consumer takes some action, such as clicking a button or checking a box, that unambiguously manifests his or her assent to those terms." *FTC v. Uber*, 830 F. Supp. 3d at 931 (quoting *Keebaugh v. Warner Bros. Ent., Inc.*, 100 F.4th 1005, 1021 (9th Cir. 2024)). As established above, the Olly website plausibly failed to provide reasonably conspicuous notice of the Order Protection fee terms due to the design of the checkout page and the context of the purchase, which is sufficient to establish a violation of element two. *Id.*

The Court finds that Poore's WCPA claim is adequately pleaded.

**F. Equitable Relief**

Finally, Defendants argue that Poore's requests for equitable relief must be dismissed because Poore has an adequate remedy at law, she lacks standing to seek equitable relief, and her prayer for declaratory relief is duplicative. ECF No. 64 at 36–38.

**1. Standing to Claim Injunctive Relief**

Defendants argue that Poore lacks standing to assert claims for equitable relief because she "[has] knowledge of [Defendants'] alleged misconduct [and] cannot plausibly allege that [she is]

under any threat of suffering actual and imminent future harm." ECF No. 64 at 37.

In the Ninth Circuit,

> a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an "actual and imminent, not conjectural or hypothetical" threat of future harm.

*Davidson*, 889 F.3d at 969 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). "Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id.*

Poore alleges that she "desires to conduct further business with Olly but cannot rely on Olly's representations unless an injunction is issued." ECF No. 63 ¶ 87. The Court, however, is unable to see how Poore could be deceived again. Unlike the consumer who cannot know if a diaper if flushable until she has tried to flush it, *see Davidson*, 889 F.3d at 961, or whether a dairy farm is treating its animals in accordance with its representations, *Takahashi-Mendoza v. Coop. Regions of Organic Producer Pools*, 673 F. Supp. 3d 1083, 1093 (N.D. Cal. 2023), Poore's attention will now be drawn to the checkout cart and the existence of the Order Protection fee. This case is similar to *Ramos*, in which the court dismissed the plaintiff's request for injunctive relief because "now that Ramos is aware of the included 'Shipping Insurance' fee and the ability to opt-out, she does not risk being harmed by the fee again." 2025 WL 2633103 at *12–13.

Defendants' motion to dismiss Poore's request for injunctive relief on this ground is granted.[1] While the Court is skeptical that the deficiencies in this claim can be rectified, it will grant leave to amend.

---

[1] Defendants also contend that Poore's injunctive relief claim should be dismissed because she fails to plead an inadequate remedy at law. Defendants are correct that a prayer for equitable relief does not state a claim if the pleading does not demonstrate the inadequacy of a legal remedy. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Poore "offers no response to [Defendants'] argument that [s]he failed to plead an inadequate remedy at law. As a result, [s]he concedes that argument." *Lou v. Am. Honda Motor Co., Inc.*, No. 16-CV-04384-JST, 2022 WL 18539358, at *2 (N.D. Cal. Aug. 26, 2022). If Poore elects to seek injunctive relief in an amended complaint, she should address this deficiency.

United States District Court
Northern District of California

**2. Declaratory Relief**

Finally, Defendants claim that Poore's request for declaratory relief is duplicative of her legal claims. ECF No. 64 at 38. The Court agrees. "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57. "However, a declaratory relief claim fails when it is a duplicate of other claims." *Lenhoff Enters., Inc. v. United Talent Agency, Inc.*, No. CV 15-01086-BRO (FFMx), 2015 WL 7008185, at *6–7 (C.D. Cal. Sept. 18, 2015) (collecting cases). In *Lenhoff*, the plaintiff's declaratory relief claim was dismissed because the claim sought "to determine the same issues as [the plaintiff's] other claims, specifically . . . whether Defendants violated the UCL." *Id.* Because the court would declare such a violation when it decided the UCL claim itself, the declaratory relief claims was duplicative. *Id.* Similarly here, if and when the Court decides the merits of Poore's other claims, its order will provide the same relief as any declaratory relief claim might provide.

Poore's reliance on *Steen v. American National Insurance Co.*, 609 F. Supp. 3d 1066, 1072 (C.D. Cal. 2022), is misplaced. The court in *Steen* allowed the plaintiffs' declaratory relief claim to stand because it provided relief that would not be duplicated by their breach of contract claim: "[A] breach of contract claim provides relief for violation of a contract term, not a statute." *Id.* Unlike in *Steen*, resolution of Poore's statutory claims under the UCL, FAL, CLRA, or WCPA would duplicate the relief provided by a declaration from the Court. Moreover, *Steen* contemplated the reinstatement of life insurance policies—long-term contracts where a declaration by a court of the parties' rights and responsibilities could prove important. *Id.* No similar contractual relationship is at issue here.

Poore's request for declaratory judgment is dismissed without leave to amend.

**G. Motion to Strike Class Allegations**

Rule 12(f) of the Federal Rules of Civil Procedure allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Defendants move to strike the complaint's class allegations on grounds that the necessary choice of law analyses bar Poore's UCL, FAL, CLRA, unjust enrichment, breach of contract, and tortious interference claims. ECF No. 65 at 12–21. Defendants also argue that Poore's Washington

subclass is not ascertainable. *Id.* at 22.

As this Court has repeatedly explained:

> A motion to strike class claims based only on the pleadings is proper only if the court is convinced that any questions of law are clear and not in dispute, and that under no set of circumstances could the claim or defense succeed. Dismissal of class allegations at the pleading stage should be done rarely and the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery.

*Gabrielli v. Motorola Mobility LLC*, No. 24-cv-09533-JST, 2025 WL 1939957, at *15 (N.D. Cal. July 14, 2025) (citation modified). This Court and other courts in this district have also rejected the notion that detailed choice-of-law analyses are appropriate at the motion-to-strike stage. *E.g.*, *Khan v. Brooklyn Bedding LLC*, No. 24-cv-06271-RFL, 2025 WL 829587, at *3 (N.D. Cal. Feb. 21, 2025) ("The Court concurs with the numerous district courts in this Circuit that have declined to dismiss nationwide class allegations at the pleadings stage based on a choice-of-law analysis, because that analysis is more appropriately conducted on a more fulsome factual record at the class certification stage"); *Miller v. Nature's Path Foods, Inc.*, 2024 WL 4177940, at *9 (N.D. Cal. Sept. 11, 2024). This Court has also previously declined to address the issue of ascertainability on a motion to strike. *Wolfe v. Ritz-Carlton Hotel Co., L.L.C.*, No. 25-cv-08182-JST, 2026 WL 926834, at *2 (N.D. Cal. Apr. 6, 2026).[2] The Court concludes that "this is not an exceptional case that warrants the class claims being stricken at this stage. As this Court has done in prior cases, it declines to strike the class allegations here where discovery has not yet commenced and the issues raised by Defendant[] are ones to be addressed at the class certification, not the motion to dismiss, stage." *Gabrielli*, 2025 WL 1939957, at *16 (citation modified).[3]

**CONCLUSION**

For the foregoing reasons, Poore's claims for tortious interference, unjust enrichment, and injunctive relief are dismissed without prejudice. Her claim for declaratory relief is dismissed

---

[2] For the parties' future guidance, the Court observes that "the Ninth Circuit has rejected the idea that Rule 23 requires ascertainability." *Alcazar v. Fashion Nova, Inc.*, No. 20-CV-01434-JST, 2022 WL 19975445, at *4 (N.D. Cal. Sept. 6, 2022) (citing *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir. 2017)).

[3] Defendant OrderProtection's request for judicial notice in support of the motion to strike, ECF No. 74, is granted.

without leave to amend. Defendants' motion to dismiss is denied as to Poore's breach of contract, UCL, CLRA, FAL, and WCPA claims. Defendants' motion to strike is denied. Within 21 days, Poore may file an amended complaint solely to address the deficiencies identified in this order. If no amended complaint is filed, the case will proceed only on those claims that survived dismissal.

**IT IS SO ORDERED.**

Dated: November 24, 2026

JON S. TIGAR
United States District Judge